JUDGE ROBERTSON
delivered the opinion oe the court:
The appellant, Henry Weisenger, sued the appellees, J. M. & G. H. Taylor, for $90, stolen from a room occupied by him while a guest in their public’ inn; charging that the loss resulted from their culpable negligence.
The circuit court sustained a demurrer to the petition, and, on failure to amend, dismissed it.
The common, like the civil law, but even more stringent, exacts of inn-keepers, as bailees of the baggage and goods of their guests, extraordinary care, and imposes on them a responsibility nearly commensurable with that of common carriers, approximating insurance of such articles when confided expressly or impliedly to their custody and care. But whenever the guest assumes the custody and control of his goods in such a way as to indicate that he does not trust the inn-keeper, and concedes to him no control, they are not in the implied custody of the inn-keeper, and he is therefore not responsible, unless they shall be stolen by some of his own household, whose honesty and fidelity he is presumed to guarantee.
The inn-keeper’s responsibility is only co-extensive with his custody and control, and his pledge of the integrity of his servants. And the’ question of custody and control depends on facts indicative of intention. If the guest, having an article not attached to his person, nor carried about with him for his personal convenience —such, for example, as a bag of gold, a case of jewelry, or a package of paper currency — the fact that he does not either notify the host of it, or offer to place it in his actual 'custody, would imply that he trusted to his own care; and intended to risk all consequences. And, if the article thus held by himself alone should be stolen from him while abiding in the inn, the loss, like the preferred custody, *277 might be his own alone, unless it resulted from the dishonesty of some of the household. The inn-keeper, deprived of both custody and control, could not be held responsible on any just or consistent principle.
But such articles as apparel worn at the time, and watch and pocket money, are not expected to be delivered to the inn-keeper for safe-keeping, and the retention of them in the guest’s room neither keeps them from the implied custody of the inn-keeper, nor implies a waiver of his responsibility. In respect to such articles, therefore, thus kept, the inn-keeper is prima facie the responble curator. And it seems to us that the $90 kept in the appellant’s pocket for daily use for incidental expenses, should be considered as embraced in this last category. This being so adjudged, the petition contains every allegation necessary to show a cause of action to be tried on a proper issue of fact.
Wherefore, the judgment is reversed, and cause remanded for further pleadings and proceedings.